ELIZA J. GORDON, EX'RX., v. TELFORD GROESBECK ET AL., TRUSTEES.

TESTING VALIDITY OF A CHARITABLE BEQUEST.

An executor of a will made within a year of the testator's death (sec. 5915), containing a charitable bequest payable in two years, need not, under section 6202, Rev. Stat., wait until the two years are up, before inquiring as to its validity.

ERROR to the Court of Common Pleas.

SMITH, J. (Reported by himself.)

From the allegations of the petition in this case, it appears that Gordon, the testator, by his will, executed in August, 1883 (less than one year before his death), and which will was probated in January, 1884, bequeathed to "The Colored Orphan Asylum of Avondale," a benevolent and charitable institution, $1,000, payable *within two years* after his death, the same to be held as an endowment fund for said institution, as long as it should continue to exist. If it should cease to exist, then said sum was to be returned to the body of his estate.

He also devised the one-half of the rents and profits of certain real estate and personal property to his wife, Eliza, for her lifetime, and the other half of such rents and profits to his daughter, Virginia Jackson, for her life; and, if his wife married again, or if she died before Virginia, then the daughter was to have the whole of said income for life.

He then provided that subject to the foregoing bequests and devises, he gave all of his real and personal estate to any child or children of said Virginia, born in lawful wedlock, who should be living at the time of *his* death. And if his wife, and daughter Virginia, should die without leaving any child or children surviving them, he devised all of said estate to Groesbeck and others, as trustees, for the benefit of what was called "The Gordon Colored Widows' Home," and which was also a charitable and benevolent institution, to be founded by said trustees, in case the devise to them took effect.

The petition in this case was filed by his widow as the executrix of said will, in the court of common pleas, against all of the legatees and devisees under the same, and alleged further, that the bequest to the orphan asylum and the devise to such trustees were invalid and void under section 5915, Rev. Stat.: That said asylum and trustees respectively, are claiming that they are valid and binding, and she asks the court to advise and instruct her as to her duty as executrix in the premises.

Virginia Jackson, the daughter of the testator, filed an answer and cross petition, admitting all the allegations of the petition to be true. She further alleged that she was at the time of the death of the testator, and still is the only heir at law, and that she is in the possession of the one-half of said real estate, as she is entitled to the one-half of the rents thereof, and that her title for life thereto, is merged in the fee, as she is the owner thereof, subject to the division of the income thereof as provided for in the will—and she prays that her title thereto may be quieted as against the claims of said trustees, which are a cloud upon her title.

To the petition of the plaintiff a general demurrer was filed by the orphan asylum, and a motion made by the trustees to strike the answer and cross petition from the files. The court of common pleas sustained both the demurrer and motion, and dismissed the action at the costs of the plaintiff, to which both the executrix and said Virginia Jackson excepted and now prosecute a petition in error to reverse such judgments.

By the Court.

Section 6202, of the Revised Statutes, authorizes an executor to maintain an action in the court of common pleas "against the creditors, legatees, distributees or other parties, asking the direction or judgment of the court in any matter respecting the trust estate or property to be administered."

In this case the will provided that the legacy to the orphan asylum might be paid at any time, within two years after the death of the testator—but the executrix was not bound to wait until the expiration of such period, before filing such a petition—nor would she have been required to do so, even if the will had provided for its payment at the *expiration* of the two years. If there is reason to believe that such a legacy is invalid under the law, the executrix is entitled to have the judgment of the court upon it, and may file such petition at any time after her qualification as the executrix, and thus be directed whether the amount is payable, in conformity with the terms of the will, or whether it shall be otherwise distributed or disposed of according to the provisions of the will or of the law. The demurrer to the petition (which we understand was sustained on the ground that the action was prematurely brought) was improperly sustained.

2. Mrs. Jackson, the daughter, as an heir, legatee and devisee, was a proper and necessary party to such action, and under section 5701, Rev. Stat., was authorized by an answer and cross petition, "to claim relief touching the matters in question in the petition, against the plaintiff, or against other defendants in the

12    C C    1

same action." Under the allegations of her cross petition, if they were true, said bequest to the orphan asylum, and the devise to such trustees were illegal and void, and she was entitled clearly to a decree of the court so finding as to the bequest. If at the time of the death of the testator, Virginia Jackson then had living a child or children, born to her in lawful wedlock, under the will such child or children would have taken a fee simple estate in remainder in such lands. But there is no allegation either in the petition or cross petition, that there were such children, and it is said by counsel that there were none. If this be so, and the devise of the land to the trustees was invalid, as it would be if the allegations of the petition and cross petition be true, there was no devise of the fee of the land, which could be upheld or take effect, and the remainder in the real estate being undevised it would pass to Virginia Jackson, as the sole heir at law of the testator. Patton v. Patton, 39 O. S., 590.

And Virginia being in possession of a part of the land as she alleges, is as to that entitled to maintain as against the trustees an action to quiet her title, they claiming an interest in said land adverse to her fee simple title. Rhea v. Dick, 34 O. S., 420.

There was error also in striking the answer and cross-petition of Virginia Jackson from the files, and both judgments are reversed.

Judge J. A. Jordan, for plaintiff in error.

Major Loyd and Telford Groesbeck, contra.